RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0272p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

BROADGATE, INC.,

*Plaintiff-Appellant*,

*v.*

JULIE SU, Acting Secretary, U.S. Department of Labor,
*Defendant-Appellee*.

No. 22-1944

─────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:22-cv-11593—Laurie J. Michelson, District Judge.

Argued: October 31, 2024

Decided and Filed: December 20, 2024

Before: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

─────────────

## COUNSEL

─────────────

**ARGUED:** Michael E. Piston, TRANSNATIONAL LEGAL SERVICES, P.C., Rochester Hills, Michigan, for Appellant. Christopher J. Doyle, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Michael E. Piston, TRANSNATIONAL LEGAL SERVICES, P.C., Rochester Hills, Michigan, for Appellant. Christopher J. Doyle, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

─────────────

## OPINION

─────────────

KETHLEDGE, Circuit Judge. Broadgate, Inc. appeals an order in which the Department of Labor found that Broadgate had willfully violated the Immigration and Nationality Act. We reject its arguments and affirm.

I.

The Immigration Act's H-1B visa program allows employers to hire temporary, non-immigrant employees to work in "specialty occupations." *See generally* 8 U.S.C. § 1101(a)(15)(H)(i)(b). In February 2018, one of Broadgate's H-1B employees filed a complaint with the Labor Department's Wage and Hour Division, alleging that Broadgate had not paid him the full wages required by the Immigration Act. *See generally* 8 U.S.C. § 1182(n)(1)(A); 20 C.F.R. § 655.731(a). The Division opened an investigation, which substantiated the employee's claim and uncovered evidence that Broadgate had not posted certain workplace notices required under the H-1B visa program. 8 U.S.C. § 1182(n)(1)(C); 20 C.F.R. § 655.734. Accordingly, in December 2018, Timolin Mitchell—the Director of the Wage and Hour Division's Detroit District—issued a determination letter, finding that Broadgate had not paid "required wages" and had willfully failed to post required notices, among other violations. The letter barred Broadgate from participating in the H-1B program for two years, required Broadgate to pay back wages of more than $31,000, and assessed a "civil penalty" of about $68,000.

Broadgate sought review before an Administrative Law Judge, challenging only the determination that Broadgate had willfully failed to post certain workplace notices. (Broadgate stipulated to the other violations.) Broadgate's argument, as relevant here, was that the District Director lacked authority to issue the determination letter. The ALJ agreed and vacated Mitchell's determination regarding the workplace notices; but the Department's Administrative Review Board reversed that decision. On remand before the ALJ, Broadgate made a new argument: that the Wage and Hour Division had exceeded its authority by investigating violations (failure to post required notices) that had not been alleged in the employee's original complaint (which alleged nonpayment of required wages). The ALJ rejected that argument and affirmed the Director's imposition of fines and penalties. The Review Board affirmed, as did the district court. This appeal followed.

II.

The Review Board's opinions are "final agency decisions" subject to judicial review. *Kutty v. U.S. Dep't of Labor*, 764 F.3d 540, 546 (6th Cir. 2014). We review "de novo a district court's determination regarding final agency actions." *Id.*

A.

Broadgate argues that the District Director lacked authority to issue the December 2018 determination letter. By way of background, the Immigration Act vests the Secretary of Labor with authority to investigate and punish violations of the workplace-notice requirements at issue here. 8 U.S.C. § 1192(n)(2). A regulation delegates that authority to the Administrator of the Department's Wage and Hour Division. 20 C.F.R. § 655.800. And the Administrator may designate authorized representatives to exercise that authority. 20 C.F.R. § 655.715. The Director of the Division's Detroit District, in turn, is another three levels or so beneath the Administrator on the Department's organization chart. Broadgate says the government lacks proof that the Administrator delegated to the District Director authority to make the determination (regarding the workplace notices) at issue here.

Section 7 of the APA provides that "[e]xcept as otherwise provided by statute, the proponent of a rule or order has the burden of proof." 5 U.S.C. § 556(d). Here, the determination letter is the order at issue; the government is the letter's proponent; and so the government bears the burden of proof.

Burdens of proof relate to factual findings, not conclusions of law. One proves the existence of particular facts; but one establishes or demonstrates, rather than proves, a legal conclusion. *See, e.g.*, *United States v. Wynn*, 987 F.2d 354, 358 (6th Cir. 1993). The party with the burden of proof under § 556(d), therefore, must prove the facts necessary for the lawful entry of the order at issue.

The factual question here is whether District Director Mitchell was vested with authority to issue the determination letter to Broadgate. As to that question, under § 556(d), the government bears the burden of proof. The Supreme Court has defined "the term 'burden of

proof,'" as used in § 556(d), "to mean the burden of persuasion." *Dir., Off. of Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 276 (1994). The burden of persuasion is a burden of showing that the preponderance of the evidence supports a particular finding. *Id.* at 277–78. Thus, "if the evidence is evenly balanced, the party that bears the burden of persuasion must lose." *Id.* at 272. The burden of production, by contrast, is "an alternative concept," which describes "a party's obligation to come forward with evidence to support its claim." *Id.* at 272, 274. The APA thus requires the proponent of a rule or order to carry a burden of persuasion as to disputed facts. But the opposing party can be assigned a burden of production without violating § 556(d). *See Glen Coal Co. v. Seals*, 147 F.3d 502, 512–13 (6th Cir. 1998).

What the courts have called "the presumption of regularity" assigns a burden of production to Broadgate here. Courts have applied that presumption in various contexts; as relevant here, the rule is that "[a]cts done by a public officer 'which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.'" *R.H. Stearns Co. v. United States*, 291 U.S. 54, 63 (1934) (quoting *Bank of the United States v. Dandridge*, 25 U.S. 64, 70 (1827) (Story, J.)). Presumptions like this one often reflect long experience that one fact is usually conjoined with another—the facts here being that, when a public official takes an action in her official capacity, she usually in fact has authority to take it.

Here, under this rule, Director Mitchell's issuance of the determination letter is presumptive proof that the Administrator had vested her with authority to issue it. Yet the APA does put limits on the presumption's effect in this context. Section 556(d) allows courts— "[e]xcept as otherwise provided by statute"—to impose upon the opponent of an order (here, Broadgate) only a burden of production. 5 U.S.C. § 556(d); *Greenwich Collieries*, 512 U.S. at 280–81. That burden is akin to making out a prima facie case. *See Greenwich Collieries*, 512 U.S. at 274; *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 257 (1981). And so that modest burden is the one that Broadgate bore here.

But Broadgate does not contend that it has met any such burden. Instead, Broadgate's argument is a legal one: namely, that the imposition of *any* evidentiary burden upon it—as the opponent of an order—would violate § 556(d). In support, Broadgate cites *NLRB v. Kentucky River Community Care, Inc.*, where the Court said in passing that the NLRB's General

Counsel—in proving the elements of "an unfair labor practice" under the National Labor Relations Act—bore "the burden of persuasion as well as of production" under § 556(d). 532 U.S. 706, 712 (2001). But that statement was plainly dicta, which was appended to the Court's recitation of a point that "the Board [did] not dispute." *Id.* Moreover, that dicta was specific to the General Counsel's burden of "proving the elements of an unfair labor practice," *id.*, which is not the same burden the government bears here. And the import of Broadgate's reading of *Kentucky River* is that, under § 556(d), a proponent's burden of persuasion is inseparable from a burden of production. The Court in *Greenwich Collieries* expressly said otherwise. 512 U.S. at 276. Finally, in *Kentucky River* the Court cited *Greenwich Collieries* on that point rather than overruled it. We therefore reject Broadgate's challenge to the Director's authority to issue the determination letter.

B.

Broadgate separately argues that the Wage and Hour Division lacked statutory authority to investigate the notice violations at issue here. The Immigration Act provides that an "aggrieved party" may file a complaint with the Wage and Hour Division regarding an employer's failure to comply with H-1B regulations. 8 U.S.C. § 1182(n)(2)(A). If the Division finds "reasonable cause to believe that such a failure" occurred, it may—indeed must—initiate an investigation. *Id.* That determination of reasonable cause "limits the scope of the initial investigation." *Missouri Med. Pro-Care Providers, Inc. v. Perez*, 812 F.3d 1132, 1138 (8th Cir. 2015). But if an investigation within that scope yields evidence of other violations, the Division may (if it finds reasonable cause) investigate those potential violations too. *See id.* at 1139; *cf., e.g.*, *United States v. Baker*, 976 F.3d 636, 644 (6th Cir. 2020).

Here, the Division commenced its investigation after an H-1B employee complained that Broadgate had not paid him the wages required by the Act. The Division found reasonable cause to investigate that complaint. As a matter of course, that investigation required Broadgate to produce its "public-access file," which typically includes documentation of the wages paid to an employer's H-1B employees as well as evidence of its compliance with the Act's notice requirements. *See* 20 C.F.R. § 655.760(a)(2). The investigation of the unpaid wages thereby yielded evidence (in the public-access file) of the notice violations. Hence the agency was

entitled to investigate them.  Broadgate counters that the agency should have opened a separate investigation as to those potential violations.  But Broadgate did not raise that argument until its reply brief in our court, so we deem that argument forfeited here.  *See Bose v. Bea*, 947 F.3d 983, 993 (6th Cir. 2020).

\* \* \*

The district court's judgment is affirmed.